IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| PAULETTE ETOTY | : | |
| | : | |
| v. | : | Civil No. CCB-13-784 |
| | : | Criminal No. CCB-09-609 |
| UNITED STATES OF AMERICA | : | |

...o0o...

**MEMORANDUM**

Paulette Etoty was convicted by a federal jury of social security fraud and aggravated identity theft, following which this court imposed a sentence of 21 months imprisonment on the fraud count and 24 months consecutive on the identity theft count. (ECF No. 42; ECF No. 50, at 2). Her conviction was upheld by the Fourth Circuit. *U.S. v. Etoty*, 679 F.3d 292 (4th Cir. 2012). She timely filed a motion to vacate under 28 U.S.C. §2255, (Pet'r Mot., ECF No. 73), alleging ineffective assistance by her appointed counsel, *see Strickland v. Washington*, 466 U.S. 668, 687 (1984) (holding that to prove ineffective assistance of counsel a defendant must show 1) the attorney's performance fell below an objective standard of reasonableness, and 2) the defendant was prejudiced). The government has responded to the motion, (Gov't Mem., ECF No. 77), and Etoty has filed a reply, (Pet'r Reply, ECF No. 80), all of which have been considered. The motion will be denied.

Etoty identified several ways in which her counsel allegedly was ineffective. (*See* Pet'r Mot., at 5-6, 8-9). None have merit. First, she claims counsel should have moved to suppress, under the Double Jeopardy Clause, 20-year-old letters from Nigeria which the government allegedly used against her in a prior trial. Even if that constituted a double jeopardy violation, there is no evidence any such letters were used against her at trial, nor did they affect her

1

sentencing. (*See* Gov't Mem. Ex. D, at 4, 6). Second, assuming counsel advised her to plead guilty (advice she did not take), it would have been reasonable advice in light of the substantial evidence of her guilt. Third, the recorded conversation involving Etoy's daughter was in fact excluded from the evidence after defense counsel objected. (Gov't Mem. Ex A, at 25-26; Gov't Mem. Ex. C, at 49). Fourth, there was no basis to request, nor would this court have granted, a judicial recommendation against deportation, given the seriousness and repeated nature of Etoy's fraud. Finally, defense counsel did object to the introduction of Etoy's prior conviction for social security fraud, (Gov't Mem. Ex. B, at 3), and did move to dismiss the indictment on double jeopardy grounds, (Gov't Mem. Ex. E), but these motions properly were denied.

In her reply, Etoy raises another immigration issue—that counsel should have arranged a "safe haven" against deportation, (Pet'r Reply, at 2)—but there is no legal or factual support suggesting he could have done so. Further, the "humanitarian factors" argued in her reply, (*see id.* at 18-25), do not provide a basis to vacate her conviction or otherwise intervene in her deportation proceedings.

Accordingly, the motion to vacate will be denied without an evidentiary hearing. No certificate of appealability under 28 U.S.C. §2253 is warranted.

A separate Order follows.


November 27, 2013                          /s/
  Date                                Catherine C. Blake
                                            United States District Judge